JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34®. It is
ORDERED AND ADJUDGED that the district court’s order filed July 8, 2008 be affirmed. The district court properly concluded that appellant failed to state a claim upon which relief can be granted. It is apparent from the face of the complaint that appellees did not force appellant to work by means of physical or legal coercion. See United States v. Kozminski, 487 U.S. 931, 943, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988) (“[I]n every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction.”). To the extent appellant alleges violations of 18 U.S.C. § 241 and 18 U.S.C. § 242, the district court properly dismissed these claims, because there is no private right of action under these criminal statutes. See Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (refusing to infer a private right of action from a “bare criminal statute”); see also McDonnell Douglas Corp. v. Widnall, 57 F.3d 1162, 1164 (D.C.Cir.1995).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re *663 hearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.